EDUCATIONAL SERVICE UNIT No. 3, APPELLANT, V. MAMMEL, OLSEN, SCHROPP, HORN & SWARTZBAUGH, INC., APPELLEE.

222 N. W. 2d 125

Filed October 10, 1974. No. 39427.

David S. Lathrop of Lathrop, Albracht & Dolan, for appellant.

McGrath, North, Dwyer, O'Leary & Martin and David L. Hefflinger, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

SPENCER, J.

The issue involved in this appeal is whether plaintiff's cause of action against the defendant is barred by

section 25-222, R. S. Supp., 1972, the professional negligence statute of limitations. The trial court so found. We affirm.

Defendant was employed by plaintiff in December 1967, to plan an employee benefit program to include a retirement program for plaintiff's employees. On January 4, 1968, defendant presented a suggested employee benefit plan containing an insurance retirement program to the exclusion of the provisions of the federal Social Security Act. Plaintiff instituted the plan on April 1, 1968. On June 3, 1970, it was determined that plaintiff was bound by the federal Social Security Act and was required to make contributions to the social security program. In January of 1972, plaintiff paid $41,110.94 to the federal government. This represented the amount which should have been withheld from the payroll, and interest.

The present action was commenced June 8, 1973. The petition alleged defendant-appellee negligently and erroneously professionally advised plaintiff that it was unnecessary to contribute to the social security program if the insurance retirement plan was instituted. Defendant demurred to the petition, alleging the action was barred by the statute of limitations set forth in section 25-222, R. S. Supp., 1972. The District Court sustained the demurrer.

Section 25-222, R. S. Supp., 1972, was passed by the Legislature on March 17, 1972, signed by the Governor on March 21, 1972, and became effective July 6, 1972. It provides as follows: "Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; Provided, if the cause of action is not discovered and could not be reasonably

discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; and provided further, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action."

Previous to the enactment of section 25-222, R. S. Supp., 1972, the statutory limitation period was 4 years. Our law is well settled. A statute of limitations which does not impair existing substantive rights but only alters the procedural enforcement of those rights operates on all proceedings instituted after its passage, whether the rights accrued before or after that date. This has been the law since Horbach v. Miller (1875), 4 Neb. 31. That case involved a claim of adverse possession. At the time claimant entered into adverse possession, the statutory period of limitations was 21 years. Subsequently, it was changed to 10 years. Claimant brought this action after the 10-year period but before he had been in possession for 21 years. The case states: "We think the rule is correctly laid down in the case of Bigelow v. Bemen, 2 Allen, 497, as follows: 'It is well settled that it is competent for the legislature to change statutes prescribing limitations to actions, and that the one in force at the time suit is brought is applicable to the cause of action. The only restriction on the exercise of this power is, that the legislature cannot remove a bar or limitation which has already become complete, and that no limitation shall be made to take effect on existing claims without allowing a reasonable time for parties to bring action

before these claims are absolutely barred by a new enactment.' In this case the court held that there was a reasonable and sufficient time given to bring the action between the time of the passage of the act and the time when it took effect."

Plaintiff's program was instituted on April 1, 1968. The statute of limitations began to run on plaintiff's cause of action at least by June 3, 1970. That was the date it was finally determined that plaintiff was obligated to contribute to the federal social security program on behalf of its employees. Suit was filed herein June 8, 1973. This was more than 5 years after the program was instituted and 3 years and 5 days subsequent to the date any alleged negligence was discovered.

Section 25-222, R. S. Supp., 1972, was passed and signed by the Governor within the 2-year period which expired June 3, 1972, or more than 1 month before the act became effective. This action was filed 11 months after the effective date of the act, and 15 months after its passage. The question presented is whether the action was instituted within a reasonable period of time from the passage of the act.

In Horbach v. Miller, 4 Neb. 31, the court held the time between the passage of the act and its effective date provided a reasonable and sufficient time given to bring the action. The act in that case was passed February 12, and became effective July 1. This covered a period of approximately 5 months. Here, less than 4 months elapsed between the passage of the act and its effective date. Plaintiff waited an additional 11 months before bringing its action. The trial court, relying on Horbach v. Miller, *supra,* held the time between the passage of the act and the time when it took effect provided a reasonable and sufficient time to bring the action. On the facts of this case we cannot say this

finding was so unreasonable as to amount to a denial of justice. We affirm the judgment.

AFFIRMED.