## Cedars Corporation, Appellant, v. Craig F. Swoboda, Appellee.

313 N.W.2d 276

Filed December 11, 1981. No. 44407.

John D. Sykora of Law Offices of John D. Sykora for appellant.

Thomas J. Guilfoyle and George O. Rebensdorf of Law Offices of Thomas J. Guilfoyle for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This case presents the question of whether a statute of limitations which became effective July 6, 1972, bars the plaintiff's action commenced February 24, 1981, to recover for a negligent act that occurred on November 26, 1969.

The defendant is an attorney at law admitted to practice in Nebraska. The petition alleges that on August 16, 1969, while employed by the plaintiff, the defendant delivered books and records of the plaintiff to an adverse party. The plaintiff claims that it was damaged as a result of that alleged breach of confidence. After the defendant had demurred to the petition, the plaintiff did not amend its petition but filed an "Offer of Proof with Respect to Ruling on Defendant's Demurrer," in which the plaintiff attempted to allege that it did not discover the defendant's negligent act until August 18, 1980.

The trial court sustained the demurrer and dismissed the action. The plaintiff has appealed.

Neb. Rev. Stat. § 25-222 (Reissue 1979) provides: "Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided,* if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further,* that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action." The 10-year overall limitation became effective July 6, 1972. The issue is whether the statute now bars the plaintiff's action.

It is generally held that a statute of limitations does not impair existing substantive rights but merely affects the procedure by which such rights may be enforced. Generally, such statutes apply to all proceedings commenced after the statute becomes effective. *Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc.,* 192 Neb. 431, 222 N.W.2d 125 (1974). In *Horbach v. Miller,* 4 Neb. 31, 45-46, (1875), this court said: "'It is well settled that it is competent for the legislature to change statutes prescribing limitations to actions, and that the one in force at the time suit is brought is applicable to the cause of action.'"

Under the plaintiff's theory of the facts, the action was not barred by § 25-222 until after November 26, 1979. The period of time intervening between the effective date of the section, July 6, 1972, and the date the bar of the statute occurred was sufficient to satisfy any

constitutional objection. *Horbach v. Miller, supra; Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc., supra; Regents of U. of Calif. v. Hartford Acc. & Indem. Co.,* 59 Cal. App. 3d 675, 131 Cal. Rptr. 112 (1976), *vacated on other grounds,* 21 Cal. 3d 624, 581 P.2d 197, 147 Cal. Rptr. 486 (1978).

The judgment of the District Court is affirmed.

AFFIRMED.