RICHARD H. BEHRENS, APPELLANT AND CROSS-APPELLEE, V.
AMERICAN STORES PACKING CO. ET AL., APPELLEES AND CROSS-
APPELLANTS.
421 N.W.2d 12

Filed March 25, 1988. No. 87-069.

T.J. Hallinan of Law Offices of Cobb & Hallinan, P.C., for appellant.

Kevin Colleran and David A. Barron of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Plaintiff, Richard H. Behrens, appeals a Workers' Compensation Court three-judge panel's order denying his application for medical travel expenses and an increase in physical therapy expenses. Defendants cross-appeal the order that continued plaintiff's right to vocational rehabilitation services and allowed an attorney fee. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff received serious injuries to his left knee in a February 15, 1979, accident. Upon rehearing, on April 30, 1984, plaintiff was awarded temporary total disability benefits of $155 per week, medical allowances to continue to receive future reasonable hospital and medical care, and a right to vocational rehabilitation training. However, his submitted plan for training as an environmental laboratory technician was rejected by the court because he was deficient in apparent required basic skills, particularly mathematics. As ordered, plaintiff recontacted the rehabilitation services. In August 1984, he resubmitted his plan for environmental laboratory technician training to defendants, which rejected the plan. Plaintiff kept in touch with his rehabilitation specialist counselor. He attended classes at Southeast Community

College, Lincoln, Nebraska, principally in remedial math, with the purpose of qualifying for the same laboratory technician training. During the 2-year period following the award, plaintiff had three serious surgical operations and three knee manipulations; no new training plan was submitted to the court. On September 5, 1985, defendants filed a motion, Neb. Rev. Stat. § 48-141 (Reissue 1984), to modify the April 30, 1984, award to find that plaintiff was no longer totally disabled and to deny plaintiff's right to vocational rehabilitation training, because he was violating the court's order by continuing to prepare for a training plan previously rejected by the court. After a one-judge hearing, defendants' application was denied by an order entered January 7, 1986.

Defendants appealed, asking for a rehearing before a three-judge panel. Plaintiff filed no response. However, as later discussed, the trial issues were apparently expanded to include plaintiff's claims for hospital, medical, travel, and physical therapy expenses. After a 2-day trial on May 22 and July 31, 1986, the panel's decision and order were entered January 12, 1987, finding that plaintiff remained temporarily totally disabled and entitled to vocational rehabilitation services subject to limiting instructions, and (1) ordering that defendants' appeal be denied, (2) disallowing plaintiff's travel expenses to Georgia, (3) both allowing and disallowing some of plaintiff's claimed therapy expenses, (4) allowing the $120 consultation fee of Jack Hughston, M.D., Columbus, Georgia, (5) reaffirming its prior rejection of plaintiff's plan for training as an environmental laboratory technician and ordering him to seek other plans for training, and (6) allowing plaintiff a $1,500 attorney fee, deposition costs, and court costs. Plaintiff appeals; defendants cross-appeal.

Plaintiff assigns these three errors: (1) The court erred in failing to find that he was entitled to be reimbursed for the travel expenses incurred in traveling to Georgia to consult with Dr. Hughston, upon the recommendation of his treating physician; (2) the court erred in failing to find that he is entitled to recover the charges incurred for physical therapy which did not exceed the regular charge made for such services in similar cases; and (3) the court erred in applying the 1975 Nebraska

Medical Association Relative Value Study to bar recovery of a portion of his physical therapy expenses.

Central to plaintiff's appeal are these statutes and authorities:

> The employer shall be liable for all reasonable medical, surgical, and hospital services . . . which are required by the nature of the injury and which will relieve pain or promote and hasten the employee's restoration to health and employment . . . subject to the approval of and regulation by the Nebraska Workers' Compensation Court, not to exceed the regular charge made for such service in similar cases. . . . If the employee shall select a physician located in a community not the home or place of work of the employee, and a physician is available in the local community or in a closer community, no travel expenses shall be required to be paid by the employer or his insurer. . . .
>
> . . . .
>
> The Nebraska Workers' Compensation Court shall have the authority to determine the necessity, character, and sufficiency of any medical services furnished or to be furnished . . . .

Neb. Rev. Stat. § 48-120 (Cum. Supp. 1986).

Neb. Rev. Stat. § 48-163 (Cum. Supp. 1986) provides that the Workers' Compensation Court may adopt all reasonable rules necessary for carrying out the intent and purposes of Neb. Rev. Stat. §§ 48-101 et seq. (Reissue 1984 & Cum. Supp. 1986).

Prior to 1986, rule IV of the Workers' Compensation Court provided:

> The Nebraska Medical Association 1975 Relative Value Study when used in conjunction with a conversion factor of $19 per unit hereby is adopted as a fee schedule *to be used as a guide in setting maximum fees* for physician's services in Workmen's Compensation Cases. . . . In any event, the fees charged shall not exceed the usual and customary charges for such services in the community if the usual and customary charges are less than what the use of the conversion factor would be.

(Emphasis supplied.)

Effective November 18, 1986, and as filed with the Clerk of the Nebraska Supreme Court on January 6, 1987, the Workers' Compensation Court amended rule IV to provide:

> The Nebraska Medical Association 1975 Relative Value Study when used in conjunction with a conversion factor of $19 per unit hereby is adopted as a fee schedule to be used as a guide in setting maximum fees for medical services in Workers' Compensation cases *except for charges for physical therapy . . . .*

(Emphasis supplied.)

Briefly, the relative value study (RVS) chart assigns unit numbers to medical procedures and services, dependent on nature and difficulty; the court by rule from time to time assigned a dollar conversion factor, which in 1986 was $19 per unit claimed.

The Workers' Compensation Act should be liberally construed so as to accomplish the beneficent purposes of the act. *Spiker v. John Day Co.*, 201 Neb. 503, 270 N.W.2d 300 (1978).

Although defendants were obligated to pay plaintiff's future medical expenses pursuant to the April 30, 1984, award, it is not clear from the record how plaintiff's claims for hospital, medical, physical therapy, and travel expenses became issues at the rehearing, since they were not issues at the prior modification hearing. There were no supporting formal pleadings. The findings later made by the court in its January 12, 1987, order, referring to its pretrial order, are helpful:

> [I]t is that Order [April 30, 1984], as it relates to vocational rehabilitation rights, which is the subject of this Application for Rehearing. The issues set forth in said pretrial Order are whether plaintiff violated the order of the Court entered April 30, 1984, relative to vocational rehabilitation rights and if so, whether plaintiff's entitlement to vocational rehabilitation rights should be terminated and *whether his compensation benefits should be reduced, suspended, or terminated.* The parties stipulated that the issues of whether or not the costs incurred in having an examination conducted by Dr. Jack Hughston of Georgia and the costs incurred incidental to

that examination are compensable, are before the Court. (Emphasis supplied.)

The compensation court is not bound by "any technical or formal rules of procedure," § 48-168 (Cum. Supp. 1986). It may adopt reasonable rules, § 48-163. Rule XXIV of the Workers' Compensation Court (rev. 1986), filed with the Clerk of this court, provides in part that the pretrial order shall supersede all other pleadings and shall set forth a statement of the issues to be determined. We assume that there was some record made of plaintiff's medical claims and that it was the understanding and intention of the court and the parties that the issues of medical, travel, hospital, and physical therapy expenses were included in the court's statement of issues in its pretrial order. In any event, there was no subject matter objection made by defendants either at trial or on appeal, and we do not consider the matter plain error.

## TRAVEL EXPENSES

Plaintiff claims error in the denial of expenses of travel in October 1985 to Columbus, Georgia, for consultation with Dr. Hughston, a recognized authority on the extensor mechanism of the knee. Defendants argue that such travel is contrary to § 48-120. Dr. Hughston recommended a synovectomy procedure be first tried, and if not successful, then a patellectomy (removal of the kneecap).

Patrick Clare, M.D., Lincoln, Nebraska, had been Behrens' treating physician since February 1979. In 1985, Dr. Clare referred Behrens to Michael Walsh, M.D., director of sports medicine at the University of Nebraska Medical Center, Omaha, Nebraska, for examination. There is conflict in the evidence whether Behrens was referred to Dr. Hughston by either Dr. Clare or Dr. Walsh, or whether Behrens made his own decision for that consultation, and also whether the travel expense was a reasonable medical expense within § 48-120. Dr. Walsh suggested that it might be worth a trip to Georgia to see Dr. Hughston if the insurance carrier would pay the expenses. Dr. Clare testified that an examination by Dr. Hughston was not medically necessary, and that "I felt two years ago that he ought to have a patellectomy." The patellectomy surgery was later performed by Dr. Clare. The court allowed Dr. Hughston's

$120 consultation fee.

Behrens cites four cases supporting his claim that were decided prior to 1975, when the standard of review in the Supreme Court was de novo. That standard was changed in 1975, § 48-185 (Cum. Supp. 1986), and our review is now limited. In a review of a workers' compensation case, the findings of fact by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Bender v. Norfolk Iron & Metal Co.*, 224 Neb. 706, 400 N.W.2d 859 (1987); § 48-185.

The travel expenses are fact questions; we cannot say that the trial court was clearly wrong in finding that the travel expenses were not a reasonable medical expense as provided in § 48-120.

PHYSICAL THERAPY CHARGES

Plaintiff's second and third assignments are discussed together.

A large part of the evidence relates to physical therapy services received by plaintiff, mostly at St. Elizabeth hospital, Lincoln, Nebraska, to relieve pain, to aid surgery recovery, and for other related physical conditions. There is great conflict in the evidence concerning the services actually performed, the description of services performed, the time period in performing the services, the reasonableness of the claims, and the relationship of the claims to the RVS chart. In view of our later reversal of the court's order on this physical therapy issue, this evidence is not further detailed.

Plaintiff argues that (1) the court's use of the RVS chart was contrary to the statutory mandate, § 48-120, that the employer is obligated to pay for all reasonable medical, surgical, and hospital services incurred by plaintiff; and (2) the RVS chart was improperly used by the court in its January 12, 1987, order in determining the reasonable medical expenses for physical therapy services, since the court's January 2, 1987, amendment to rule IV excepting physical therapy charges was binding on the court because it was a procedural change and not substantive, citing *Allen v. IBP, Inc.*, 219 Neb. 424, 363 N.W.2d 520 (1985), and *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984).

In *Smith*, Chief Justice Krivosha, concurring in the result, said at 665, 358 N.W.2d at 220:

> It is generally considered in the law that a *substantive right* is one which creates a right or remedy that did not previously exist and which, but for the creation of the substantive right, would not entitle one to recover. . . . A *procedural right*, on the other hand, is considered to simply be the method by which *an already existing right is exercised*.

(Emphasis supplied.)

In *Allen*, we said that where there has been an amendment to a statute which was a procedural change and not a substantive change, upon the effective date of the amendment, it was binding upon a tribunal, and the date of the tribunal's judgment or award was the critical time, not the date of its hearing.

From an examination of rule IV and its purposes, we determine that the RVS chart was nothing more than a tool, guide, method, or aid for the court in evaluating all of the evidence in arriving at the reasonableness of the claimed medical expenses, an existing right. Rule IV originally and as amended was procedural only, not substantive. Rule IV as amended November 16, 1986, and filed with the Clerk of this court January 6, 1987, excepting charges for physical therapy, was binding on the panel upon adoption, and it was obligated to disregard the RVS chart at the time the court made and filed its order on January 12, 1987. It was error for the court to either consider or apply rule IV and the RVS chart when assessing the reasonableness of the physical therapy expenses. That part of the court's order allowing St. Elizabeth hospital's claim of $1,821.25 is set aside; the allowance of a $1,770.65 credit to defendants for payments made to St. Elizabeth hospital was proper. The record shows, and the trial court found, that there was great conflict in the record relating to the claims for physical therapy services, and there is a suggestion in the record that some of the therapy did not relate to plaintiff's compensable injury. Since we review for error only, and the reasonableness of these medical charges is a fact question to be determined by the trial court, we reverse and remand to the court for further proceedings in accord with this opinion to

determine plaintiff's medical claims, if any.

Defendants' cross-appeal assigns two errors: (1) The Workers' Compensation Court erred in holding that Behrens did not violate the court's earlier order regarding rehabilitation or fail to cooperate with rehabilitation efforts, thus waiving his right to further benefits; and (2) the Workers' Compensation Court erred in awarding Behrens an attorney fee of $1,500 and deposition costs of $259.25, when there was a reasonable controversy regarding Behrens' entitlement to compensation.

## REHABILITATION RIGHTS

Defendants' first assignment deals with this part of the court's January 12, 1987, order:

The Court finds that plaintiff remains totally disabled as a result of his leg injury and that although he may not have cooperated as fully and completely as he could have with the vocational rehabilitation people that such failure was due in part to his physical condition and his many surgeries and does not constitute failure to cooperate. The Court does find however that the Court's prior disapproval of a plan of rehabilitation proposed for plaintiff as an environmental lab technician should be affirmed, the evidence being that plaintiff's below average math scores and other evidence indicate that plaintiff would not be successful in completing the courses necessary for him to become such a technician. The Court further finds however that plaintiff is entitled to vocational training in another field. If the plaintiff and his rehabilitation counselor are unable to determine alternative rehabilitation training further evaluation and testing may be necessary. The Court further finds that after a suitable plan is agreed upon that plaintiff should diligently pursue said plan under the guidance of his rehabilitation counselor and if he fails to do so the defendants may file further proceedings in this Court to suspend plaintiff's temporary total disability benefits in whole or in part for such failure.

Briefly, as directed by the court, plaintiff did contact a counselor in May 1984, who later, in 1985 and 1986, suggested other goals for training. Plaintiff was not interested; he wanted

to be able to enter a program for training as an environmental laboratory technician. His counselor did not discourage him and, in fact, testified that in her opinion, after more educational training he would qualify. Plaintiff enrolled in Southeast Community College, Lincoln, Nebraska, taking remedial classes, mostly in mathematics. His attendance was not regular, which, he explained, was caused by surgeries and recovery time. He did improve in his math skills. The court's order rejecting this plan was supported in the evidence. Defendants contend that plaintiff's rights for vocational rehabilitation should be terminated because he continued over a 2-year period to pursue efforts to become a lab technician, directly contrary to the orders of the court.

As we view the record, "One of the primary purposes of the Nebraska Workers' Compensation Act shall be restoration of the injured employee to gainful employment," § 48-162.01(1) (Cum. Supp. 1986). Plaintiff was temporarily totally disabled and entitled to vocational rehabilitation services, § 48-162.01(3), as ordered by the court on April 30, 1984. Plaintiff did contact the rehabilitation services as ordered; however, he failed to submit a new training plan. Nevertheless, neither the statutes nor the court order provides a timetable procedure regimenting an employee to develop training plans while the employee is totally disabled and he otherwise qualifies for training and complies with the court's discretionary orders. By the court's January 12, 1987, order, plaintiff was directed to seek other vocational training, or evaluation and testing where necessary, and defendants were provided with recourse if plaintiff failed to comply with the court's new order. Again, this is a fact question to be decided by the trier of the facts. There was no error in the court's not terminating plaintiff's rights of vocational rehabilitation training.

## ATTORNEY FEES AND COSTS

Defendants argue that the allowance of a $1,500 attorney fee should not have been allowed, since there was a reasonable controversy concerning plaintiff's continued right to vocational rehabilitation services. That was not the basis for plaintiff's claim for attorney fees; rather, his claim is found in § 48-125 (Cum. Supp. 1986):

> If the employer files an application for a rehearing before the compensation court from an award of a judge of the compensation court and *fails to obtain any reduction in the amount of such award*, the compensation court shall allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such rehearing, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in the Supreme Court.

(Emphasis supplied.)

From a reading of the court's order, that was also its basis for the attorney fee allowance. Ordinarily, the term "reduction in the amount of such award" found in § 48-125 refers to the total amount of the award to the employee. *Pollard v. Wright's Tree Service, Inc.*, 212 Neb. 187, 322 N.W.2d 397 (1982). However, as shown in *Mulder v. Minnesota Mining & Mfg. Co.*, 219 Neb. 241, 361 N.W.2d 572 (1985), the "amount of such award" includes the issue of total disability, which was one of the issues originally proposed by defendants in their application for modification: "plaintiff is no longer totally disabled and . . . the court should set the residual permanent partial disability plaintiff sustained as a result of the accident and injury." That issue continued at the rehearing.

Whether or not a reasonable controversy exists is a fact question for the trier of fact. *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987). It is not necessary here to examine and apply the criteria for a reasonable controversy as set out in *Mendoza*, for the reason that it is very clear from all of the medical evidence that plaintiff continued to be totally disabled, that is, he was disabled to earn wages in the same kind of work, or work of a similar nature, that he was trained for or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do. *Rapp v. Hale*, 170 Neb. 620, 103 N.W.2d 851 (1960). There was no reasonable controversy on that issue. The trial court made no finding on whether or not there was a reasonable controversy; however, such is inherent in its order finding that plaintiff remained totally disabled. Defendants having failed to change or obtain a reduction in plaintiff's award of temporary

total disability, the allowance of a $1,500 attorney fee and $259.25 in deposition costs was reasonable and proper. Plaintiff should be allowed a $1,000 attorney fee for services in this court, taxed as costs.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.