ANDRE FREDERICK BILLUPS, SR., AS NEXT FRIEND OF
ANDRE FREDERICK BILLUPS, JR., APPELLANT,
V. JOSEPH S. TROIA, APPELLEE.
570 N.W. 2d 706

Filed November 7, 1997.    No. S-96-1232.

Andre Frederick Billups, Sr., pro se.

Don Stenberg, Attorney General, and Charles E. Lowe for appellee.

WRIGHT, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

The plaintiff-appellant, Andre Frederick Billups, Sr. (hereinafter Billups), appeals from the summary judgment dismissing this action in which he, as next friend of his son, Andre Frederick Billups, Jr., alleges a mixture of tort and constitutional claims against the defendant-appellee, Judge Joseph S. Troia, and two others. The order dismissing one of those parties, Julie Theulen, has not been appealed. As of the date of filing Billups' notice of appeal, no final order had been entered as to the other party, Karen Vervaecke.

Under our authority to regulate the caseloads of this court and that of the Nebraska Court of Appeals, we, on our own motion,

removed the matter to our docket. Although Billups has assigned a number of errors, he has argued only that the district court wrongly sustained the subject judge's motion for summary judgment based on nothing more than the receipt of affidavits. As in the absence of plain error we consider only claimed errors which are both assigned and argued, *Van Ackeren v. Nebraska Bd. of Parole,* 251 Neb. 477, 558 N.W.2d 48 (1997), we concern ourselves solely with the entry of summary judgment.

Such a judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Schendt v. Dewey,* 252 Neb. 979, 568 N.W.2d 210 (1997). The dispositive question is one of law, in connection with which we, as an appellate court, have an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Four R Cattle Co. v. Mullins, ante* p. 133, 570 N.W.2d 813 (1997).

Billups' petition alleges malicious prosecution, intentional infliction of emotional distress, and violation of "constitutional rights," but few of the allegations refer to the subject judge or actions he might have taken. The allegations which do relate to the subject judge assert that he conspired to incarcerate Billups, refused on two occasions to speak to a therapist about the son and refused to read statements the son had made about abuse he had suffered, "maliciously traumatized" the son by allowing the guardian ad litem and Omaha police to take him from Billups' home, and abused his discretion by returning custody of the son to known child abusers.

In relevant part, the subject judge's answer denied Billups' allegations and asserted that all his actions and rulings were taken in his capacity as a judge of the district court and not in the clear absence of all jurisdiction.

The subject judge's affidavit recites that he is a duly appointed and acting judge of the district court, that certain matters arising in the divorce action involving Billups and previously pending in the district court were randomly assigned to him for handling in the regular course of his duties as such

judge, and that all of his acts and doings therein were taken while acting in his judicial capacity as the district court judge to whom the matters had been assigned. Billups adduced no countervailing affidavit.

Billups' complaint that the motion for summary judgment was adjudicated solely on the basis of affidavits is resolved against him not only by our previous statement as to when summary judgment is proper but by the provisions of Neb. Rev. Stat. § 25-1331 (Reissue 1995), which states that a party defending a claim may move for summary judgment "with or without supporting affidavits."

The controlling fact is that none of Billups' allegations or other matters of record suggest that anything the subject judge did was outside of the scope of his jurisdiction as a judge of the district court. It has been long settled in this jurisdiction that except where a judge knowingly acts in the clear absence of all jurisdiction, the judge is immune from civil actions for damages arising out of acts performed in the course of the judge's official functions and judicial capacity. See, *Koepf v. County of York,* 198 Neb. 67, 251 N.W.2d 866 (1977); *Kelsey v. Klabunde,* 54 Neb. 760, 74 N.W. 1099 (1898). See, also, *Jeffres v. Countryside Homes,* 214 Neb. 104, 333 N.W.2d 754 (1983), *appeal after remand* 220 Neb. 26, 367 N.W.2d 728 (1985).

In the absence of any showing that the subject judge acted in the clear absence of his jurisdiction, none of the acts he allegedly performed subject him to civil liability. See *Koepf, supra* (judge immune from liability for alleged negligence in removing minor from custody of administratrix and placing minor with county department). The subject judge was therefore entitled to judgment as a matter of law, and the district court correctly so ruled.

AFFIRMED.

WHITE, C.J., participating on briefs.
CAPORALE and CONNOLLY, JJ., not participating.