DESIREE BARNETT, APPELLEE, V. CHARLES R. PETERS, APPELLEE, AND FARMERS INSURANCE EXCHANGE, ALSO KNOWN AS FARMERS INSURANCE GROUP, GARNISHEE-APPELLANT.
574 N.W. 2d 487

Filed February 27, 1998.    No. S-96-705.

Kristen D. Mickey, of Sorensen & Zimmerman, P.C., for garnishee-appellant.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellee Barnett.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

McCORMACK, J.

Farmers Insurance Exchange (Farmers) appeals the entry of a summary judgment by the district court for Scotts Bluff County, Nebraska, which determined Farmers was liable for injuries sustained by Desiree Barnett when she was struck by an automobile driven by Charles R. Peters. At the time of the accident, Ronald G. Miglia was the named insured on a liability policy with Farmers and had given his permission to his daughter, Alison, to operate the vehicle. Alison, in turn, allowed Peters to drive the vehicle. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We reverse the decision of the district court and remand the cause for further proceedings.

## FACTUAL BACKGROUND

On February 18, 1991, an automobile driven by Peters struck Barnett, a pedestrian, in Scottsbluff, Nebraska. A default judgment was entered against Peters in the amount of $29,412.88 plus costs and interest. Ten days after the default judgment was entered, Barnett's attorney wrote a letter to Miglia with a copy to Farmers' agent, enclosing a copy of the judgment. In its judgment, the district court further made a finding of fact that Peters was driving a 1985 Oldsmobile owned by Miglia, of Gering, Nebraska, at the time of the accident.

Miglia carried a liability insurance policy on the vehicle through Farmers which outlined coverage for any "insured person." Excluded from the definition of an "insured person" under

the policy is "[a]ny person who uses a vehicle without having sufficient reason to believe that the use is with the permission of the owner." The only named insured under the language of the policy was Miglia.

Alison and Peters were living together at the time of the accident. It is undisputed that Alison had her father's permission to operate the vehicle at the time of the accident. Alison gave Peters express permission to drive the vehicle on the date that he struck Barnett, and Alison was present in the vehicle when it struck Barnett.

The record does not reflect the method used to serve notice on Peters. No one seemed to know his whereabouts. Alison testified in her deposition that she had last seen Peters in 1993, and at that time, he was living with his father in Torrington, Wyoming. The police report of the accident, which is in evidence in this case, lists Peters' address as 6th Street in Gering, Nebraska. The record does not reflect if there was service of notice by leaving at Peters' place of residence.

Neither Miglia nor Farmers was ever given notice of the pending action against Peters. Farmers did, however, have notice of the accident and the claim, because Farmers' agent had helped Miglia fill out an accident report form, SR-21, for filing with the State of Nebraska. There is correspondence in evidence between Farmers and State Farm Insurance, Barnett's insurance carrier, about State Farm's subrogation rights because State Farm had paid medical bills for Barnett. Farmers also had notice of the judgment, albeit more than 10 days after the judgment, when Barnett's attorney sent a copy of the judgment to Miglia with a copy to Farmers' agent.

A motion to vacate and a special appearance were filed by Peters' attorney, both of which were denied by the district court and from which no appeals were taken. Barnett filed an affidavit and praecipe for garnishment which was served on Farmers and pertained to their insured, Miglia. Barnett then timely filed an application to determine liability against the garnishee.

Barnett filed a motion for summary judgment in the garnishment action against Farmers, alleging no genuine issue of material fact existed which precluded the court from ruling, as a matter of law, that Farmers was liable to Barnett under the policy

covering Miglia. The court sustained Barnett's motion for summary judgment, entering an award against Farmers in the amount of $29,412.88 plus costs and interest. The trial court overruled Farmers' motion for a new trial and sustained Barnett's request for attorney fees, awarding fees and costs in the amount of $10,221.84. Farmers appealed.

## ASSIGNMENTS OF ERROR

Farmers alleges as error the district court's (1) granting Barnett's motion for summary judgment, (2) taxing costs and attorney fees to Farmers, and (3) overruling Farmers' motion for a new trial. Farmers also alleges that the district court erred in finding insurance coverage despite Peters' failure to inform Farmers of the original district court action against him.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997); *Billups v. Troia*, 253 Neb. 295, 570 N.W.2d 706 (1997); *Hobbs v. Midwest Ins., Inc.*, 253 Neb. 278, 570 N.W.2d 525 (1997). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Whalen v. U S West Communications, supra*; *Hobbs v. Midwest Ins., Inc., supra*; *Eiche v. Blankenau*, 253 Neb. 255, 570 N.W.2d 190 (1997).

Garnishment is a legal action; to the extent factual issues are involved, the findings of the fact finder will not be set aside on appeal unless clearly wrong; however, to the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Farr v. Designer Phosphate & Premix Internat.*, 253 Neb. 201, 570 N.W.2d 320 (1997); *Barry v. Tanner*, 250 Neb. 116, 547 N.W.2d 730 (1996); *Watts v. Watts*,

250 Neb. 38, 547 N.W.2d 466 (1996); *Koterzina v. Copple Chevrolet*, 249 Neb. 158, 542 N.W.2d 696 (1996).

When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Rapp v. Rapp*, 252 Neb. 341, 562 N.W.2d 359 (1997); *National Am. Ins. Co. v. Continental Western Ins. Co.*, 243 Neb. 766, 502 N.W.2d 817 (1993).

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Koehler v. Farmers Alliance Mut. Ins. Co.*, 252 Neb. 712, 566 N.W.2d 750 (1997); *Blose v. Mactier*, 252 Neb. 333, 562 N.W.2d 363 (1997); *Ackles v. Luttrell*, 252 Neb. 273, 561 N.W.2d 573 (1997).

## ANALYSIS

The issues in this case are as follows: (1) Was there a material question of fact which precluded the granting of a summary judgment? (2) Was Peters a permissive user under the terms of the Farmers' policy issued to Miglia at the time of the accident? (3) Did Peters breach the cooperation clause in the Farmers' insurance agreement by failing to provide Farmers with notice of the pending lawsuit, and if so, did this act to Farmers' detriment?

### GENUINE ISSUE OF MATERIAL FACT

There is no dispute that Alison gave Peters permission to drive the vehicle. There is, however, a question of fact as to whether Miglia gave his permission for Peters to operate the vehicle. The question of whether Miglia gave Peters permission, however, is immaterial, as once Miglia entrusted his vehicle to Alison, the only issue is whether Alison gave Peters permission to operate the vehicle, and that permission is not in dispute.

This court held in *Barry v. Tanner, supra*, that under the initial permission rule, if permission to use the automobile is initially given, then recovery may be had regardless of the manner in which the automobile is subsequently used. As long as the first use is with the permission of the owner, later deviations are immaterial. We held in this same case that where initial permission to use the insured vehicle has been given by one having proper authority to give permission to the person operating the

vehicle at the time of the accident, for purposes of liability coverage, such operation is with the express or implied permission of the named insured even though specific or expressed terms of the permission given were violated.

In *State Farm v. D.F. Lanoha Landscape Nursery*, 250 Neb. 901, 553 N.W.2d 736 (1996), we held that once the named insured of a policy which contains an omnibus clause extending liability coverage to those driving the covered automobile with the insured's consent gives such consent to another, any third person allowed to drive the vehicle by the initial permitee likewise is covered, barring theft or conversion. There was no issue of theft or conversion in this case.

Therefore, the critical question is whether Alison gave Peters permission to operate the vehicle and not whether Miglia gave permission to Peters to operate the vehicle. There was no issue of material fact as to Alison's giving permission to Peters to operate the vehicle.

## NOTICE AND COOPERATION

Since Peters was an insured, the question becomes not whether there was insurance coverage, but, rather, it becomes a liability question of whether Farmers has a legitimate policy defense.

Farmers contends that Peters failed to comply with the cooperation clause in Miglia's liability policy in failing to promptly forward notice of the pending suit. Farmers contends that such conduct materially breached the terms of the policy and prejudiced Farmers to its detriment.

The important facts are as follows: The accident occurred February 18, 1991. Accident reports were filled out by Farmers' agent. There was correspondence between State Farm and Farmers in which State Farm requested that Farmers reimburse it for medical expenses paid under Barnett's health insurance policy and which put Farmers on notice of their subrogation rights. A default judgment was entered in favor of Barnett and against Peters. These facts are undisputed. Therefore, Farmers had actual notice of the action and the claim.

The second issue under cooperation and notice, however, is the failure by Peters and/or Miglia to notify Farmers of the fact

that suit had been filed. We find that there was a material issue of fact as to whether Farmers was notified of the fact that suit had been filed and, if so, whether this alleged breach prejudiced Farmers to its detriment. The record does not indicate whether Peters ever knew that suit had been filed against him by Barnett. Shortly after the default judgment was entered against Peters, his attorney filed a motion to vacate judgment and a special appearance on behalf of Peters. This is the same attorney who represented Farmers in the garnishment proceedings. The motion to vacate judgment and the special appearance were overruled by the trial court and no appeal was taken.

We cannot ascertain from the record whether the attorney filing the motion to vacate the judgment and the special appearance, and then not appealing the adverse ruling on these matters, was acting on behalf of Peters alone, or Peters and Farmers. If the attorney was acting on behalf of Farmers, the failure to appeal this ruling on the motion to vacate and the special appearance would preclude Farmers' present appeal.

Since we cannot ascertain from the record that Peters ever even knew of the filing of the lawsuit, the trial court cannot find as a matter of law that Peters breached the insuring agreement by not informing Farmers of an action he may not even have been aware of.

The record also does not reflect any finding as to whether the breach claimed by Farmers is prejudicial to Farmers. See *MFA Mutual Ins. Co. v. Sailors*, 180 Neb. 201, 141 N.W.2d 846 (1966). Questions such as liability and reasonableness of damages are two issues of fact bearing on the determination of a detriment to Farmers. A letter in evidence from Farmers to State Farm asserts potential liability defenses against Barnett. If such a liability defense exists, then the breach of the notice clause by Peters would prejudice Farmers to its detriment.

## ATTORNEY FEES

Because we are reversing the district court's decision granting Barnett's motion for summary judgment in this case, we must also reverse the district court's decision granting attorney fees and costs to Barnett. The issue of attorney fees and costs must await the resolution of the other issues in this case.

## CONCLUSION

We reverse the judgment and remand the cause to the trial court for further proceedings to determine the following: (1) Whether there was a material breach by Peters or Miglia of the terms of Farmers' policy as to notice and cooperation and, if so, whether this breach prejudiced Farmers to its detriment, and (2) if the trier of fact determines that question in favor of Barnett, then the trial court shall proceed to award such attorney fees and costs as are reasonable under Neb. Rev. Stat. § 44-359 (Reissue 1993).

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WHITE, C.J., participating on briefs.