HINDS STATE BANK, APPELLEE, V. G. D. LOFFLER ET AL., APPELLANTS.

FILED FEBRUARY 17, 1925. No. 22968.

Garnishment: SUMMONS. After judgment, a summons in garnishment from one county to another in aid of execution is unauthorized.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. *Reversed and dismissed as to garnishee.*

*Fawcett & Mockett, F. V. Robinson* and *Hall, Cline & Williams,* for appellants.

*Hazlett, Jack & Laughlin, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is a proceeding in garnishment. The Hinds State Bank of Odell is plaintiff. The defendants are G. D. Loffler and Ben A. Saathoff. The First National Bank of Lincoln is garnishee. In the district court for Gage county plaintiff recovered a judgment against defendants February 1, 1922, on a promissory note for $2,176.05. An execution was issued to the sheriff of Gage county February 18, 1922, and returned *nulla bona* the same day. There was a similar return February 25, 1922, on an execution issued February

23, 1922, by the clerk of the district court for Gage county to the sheriff of Lancaster county. By summons in garnishment issued by the clerk of the district court for Gage county February 23, 1922, to the sheriff of Lancaster county, the First National Bank of Lincoln was notified as garnishee to appear for the purpose of applying bank deposits of defendant Loffler on the judgment against him. There was a special appearance objecting to the jurisdiction of the district court for Gage county, on the ground that garnishee did not reside in Gage county, and was not lawfully summoned in Lancaster county. By affidavit in support of the special appearance, it was shown that defendant Loffler was a depositor when the summons in garnishment was served to the extent of $795.95, which was paid out on his check March 23, 1922. The district court for Gage county overruled the objection to jurisdiction, rendered judgment against garnishee for $795.95 and ordered it to pay that sum into court for the benefit of plaintiff. The garnishee and defendant Loffler have appealed.

The question presented is one of law. Did the district court for Gage county acquire jurisdiction over garnishee by service of process in Lancaster county?

Garnishment is a statutory remedy, and a litigant seeking such relief must find his authority in the statute. Provisions relating to attachment before judgment in a civil action require a garnishee, upon proper notice, to appear and disclose the amount and character of any property or credits of defendant in the former's possession, but process from one county to another is unauthorized. Comp. St. 1922, secs. 8685, 8699; *South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank,* 45 Neb. 29. Plaintiff, however, as stated, recovered a judgment in the district court for Gage county, and is seeking payment by impounding a deposit of defendant in the First National Bank of Lincoln, a resident of Lancaster county. In this connection it is argued that, after judgment, summons in garnishment from

Gage county was properly issued to and served in Lancaster county under another statute authorizing a summons in garnishment in aid of execution after judgment "as in other cases." Comp. St. 1922, sec. 8729. Another section provides: "The summons shall be served as a summons in an original action is served." Comp. St. 1922, sec. 8731. In connection with the statutory term, "as in other cases," there is a reference to a general statute declaring that, "when the action is rightly brought in any county," summons for any one or more of the defendants may be issued to any other county. Comp. St. 1922, sec. 8570. In construing this statute the following rule was recently approved:

"To authorize summons to another county in a merely personal action for money, there must be an actual right to join the resident and nonresident defendants." *Stull Bros. v. Powell,* 70 Neb. 152; *Smith v. Atlas Refining Corporation,* 112 Neb. 6.

In the present instance, garnishee, a banker in another county, was not a party to the original suit nor jointly liable with defendants on their note. It was the duty of the bank to pay the check of its depositor unless there was a legal justification for refusing to do so. The bank was not required to answer as garnishee in another county in absence of a statute imposing that duty upon legal notice. In *South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank,* 45 Neb. 29, the opinion reads:

"A garnishee is an innocent party not interested in the suit. The whole policy of the law is to protect him from expense, damages, costs, or unnecessary annoyance."

After calling attention to statutes authorizing the issuance of attachments, executions, and summonses to other counties, it is argued that jurisdiction to issue and serve a summons in garnishment after judgment in aid of execution should not be limited by construction to the county in which the principal action was brought. A fallacy in plaintiff's argument is the failure to recognize the necessity for and the nonexistence of a legislative grant of power

authorizing the issuance of such a process from one county
to another.  This remedy is not the same as an execution on
a judgment, or an attachment before judgment, or a sum-
mons for defendants in a civil action.  There is a distinction
between a remedy by attachment before judgment and a
remedy by garnishment after judgment.  While the action
is pending and undetermined in one county, there is no
judgment removable by transcript to another county for
the purpose of collecting a debt.  The remedy by garnish-
ment after judgment is available in any county to which
the judgment is removed by transcript.   The judgment
creditor is an active litigant with a pecuniary interest in
the result, while the garnishee is not a party to the prin-
cipal action and may have no interest in it.  The distinctions
observed in the statutes, therefore, were not made without
reason.   In any event, after judgment, authority to issue
a summons in garnishment in aid of execution from one
county to another has not been pointed out or found.  The
judgment against the garnishee is reversed, the garnishee
discharged, and the proceeding against it dismissed.

   REVERSED AND DISMISSED AS TO GARNISHEE.

GOOD, J., dissents.