MFA MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANT, v. DUANE SAILORS ET AL., APPELLEES.

141 N. W. 2d 846

Filed April 22, 1966. No. 36071.

Baylor, Evnen, Baylor & Urbom, Dwight Griffiths, and Robert T. Grimit, for appellant.

Boland, Mullin, Walsh & Cooney and Harold L. Gurske, for appellees Pupkes et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action for a declaratory judgment brought by MFA Mutual Insurance Company to determine its rights and liabilities under an automobile liability insurance policy issued by the plaintiff to Jerry J. Janko. The policy insured a 1955 Ford automobile.

On September 10, 1960, Duane Sailors was operating the insured automobile when it was involved in a collision with an automobile owned by Ervin Pupkes and

operated by Mildred Pupkes. Donald Pupkes and Deborah Pupkes are minor children who were passengers in the Pupkes automobile at the time of the accident. The defendants in this action are Sailors, the Pupkes, and their children.

The policy issued by the plaintiff contained a provision extending the coverage of the policy to any person using the automobile with the permission of the named insured. The policy also contained provisions requiring the insured to give written notice of accident or loss to the plaintiff as soon as practicable, and to forward immediately every demand, notice, or summons received by the insured. The policy further provided that "the insured shall cooperate with MFA Mutual, disclosing all pertinent facts known or available to him, and upon MFA Mutual's request, shall attend hearings and trials and assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance."

The record shows that Sailors had been drinking at the time of the accident on September 10, 1960. After the accident Sailors and Janko agreed that they would represent that Janko had been operating the insured automobile at the time of the accident. This was done, and the plaintiff did not ascertain the true facts concerning the identity of the driver of the insured automobile from Janko and Sailors until January 31, 1961.

On June 19, 1962, Mildred Pupkes commenced an action against Sailors to recover damages arising out of the accident of September 10, 1960. Sailors did not notify the plaintiff that this action had been commenced and did not forward any summons to the plaintiff. The plaintiff received notice of the suit in November 1962 by a letter from the attorney for Mrs. Pupkes.

On January 8, 1963, the plaintiff wrote to Sailors stating that he had failed to cooperate, that the plaintiff wanted to investigate the accident, and that it reserved

its rights under the policy. On January 22, 1963, Dwight Griffiths, an attorney employed by the plaintiff, wrote to Sailors requesting that he contact Griffiths imediately. On January 30, 1963, Griffiths again wrote to Sailors. On January 31, 1963, Sailors called Griffiths and said that he would come to Griffiths' office on the following Monday. Sailors did not keep the appointment and has not contacted Griffiths since that time.

This action was then commenced and further proceedings in the Pupkes v. Sailor action stayed until the determination in this case.

The trial court found that Sailors was an additional insured under the insurance policy issued by the plaintiff to Janko; that Sailors had failed to notify the plaintiff that Mildred Pupkes had commenced an action against him and that he had failed to cooperate with the plaintiff as required by the policy; that Sailors had materially and substantially breached the terms of the policy but that there was no showing of prejudice or detriment to the plaintiff; that there was no evidence of any collusion on the part of Mr. or Mrs. Pupkes; and that the plaintiff was required to defend the action against Sailors brought by Mildred Pupkes. The plaintiff's motion for new trial was overruled and it has appealed.

The plaintiff questions whether Sailors was driving the insured automobile with the permission of Janko at the time the accident happened. Although there is some evidence that Janko was reluctant about allowing Sailors to operate the automobile, we think the evidence sustains the finding of the trial court that Sailors was operating the automobile with Janko's permission at the time of the accident.

The principal issue in the case involves the finding that the evidence did not show that Sailor's breach of the terms of the policy had resulted in prejudice or detriment to the plaintiff. The plaintiff contends that no showing of prejudice is required; and that, in any event,

prejudice will be presumed from a material breach of the terms of the policy.

There appears to be a substantial division of authority upon these questions. See, 7 Am. Jur. 2d, Automobile Insurance, § 176, p. 508; Annotation, 34 A. L. R. 2d 264; Annotation, 60 A. L. R. 2d 1146; 8 Appleman, Insurance Law and Practice, § 4773, p. 106; 14 Couch on Insurance (2d Ed.), § 51:101, p. 599.

The more recent cases appear to hold that an insurer cannot assert a breach of the cooperation clause as a policy defense in the absence of a showing of prejudice or detriment to the insurer. White v. Boulton, 259 Minn. 325, 107 N. W. 2d 370; Allen v. Cheatum, 351 Mich. 585, 88 N. W. 2d 306; Campbell v. Allstate Ins. Co., 60 Cal. 2d 303, 384 P. 2d 155. See, also, Camire v. Commercial Ins. Co., 160 Me. 112, 198 A. 2d 168.

The purpose of the cooperation clause is to prevent collusion between the injured and the insured and to facilitate the handling of claims by the insurer. Where there is no evidence of collusion between the injured and the insured and it is not shown that the insurer has been prejudiced in its handling of the claim, we think the better rule is that the breach of the policy is not a defense. It has been suggested that liability contracts are, at least in part, third party beneficiary contracts, and it is in the public interest to see that those injured who are themselves free from fault should recover except where a miscarriage of justice would otherwise result.

In determining whether a breach of the policy has resulted in prejudice to the insurer, some consideration must be given to the facts and circumstances of the accident which is the basis for the claim against the insured. The evidence in this case is that the insured automobile, operated by Sailors, failed to stop at a stop sign and struck the left side of the Pupkes automobile while it was proceeding at a lawful rate of speed upon an arterial street.

The record sustains the finding of the trial court that

there has been no showing that the breach of the policy has resulted in substantial prejudice to the insurer. Consequently, the plaintiff at this time remains obligated to defend the action brought by Mildred Pupkes against Sailors.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, C. J., not participating.