MILDRED PUPKES, APPELLEE, v. DEWANE SAILORS, APPELLEE, MFA MUTUAL INSURANCE COMPANY, GARNISHEE-APPELLANT.

164 N. W. 2d 441

Filed January 24, 1969. No. 37056.

Baylor, Evnen, Baylor & Urbom, for garnishee-appellant.

Harold L. Gurske and Boland, Mullin, Walsh & Cooney, for appellee, Pupkes.

Dwight Griffiths, for appellee Sailors.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WILLIAM C. SMITH, JR., District Judge.

SPENCER, J.

This is a garnishment action by plaintiff, a judgment creditor of DeWane Sailors, hereinafter referred to as defendant, against MFA, a mutual insurance company, hereinafter referred to as garnishee, by virtue of the omnibus provision in an automobile insurance policy on an automobile driven by defendant and involved in a collision with an automobile driven by plaintiff.

Some of the facts pertinent herein are set out in MFA Mutual Ins. Co. v. Sailors, 180 Neb. 201, 141 N. W. 2d 846. In that action, garnishee sought a declaratory judgment to determine its rights under the policy in question. We there held that garnishee was obligated to defend the action brought by plaintiff against defendant because there had been no showing that the breach of the policy had resulted in substantial prejudice to garnishee.

After the decision in MFA Mutual Ins. Co. v. Sailors,

*supra,* garnishee retained counsel to represent defendant. This counsel interviewed defendant, and, preparatory to the trial, went with him to the scene of the accident. There defendant gave a detailed statement, partially exonerating himself and suggesting plaintiff drove into the automobile he was driving. Defendant, who had a felony record, 7 years earlier had given garnishee's representative a statement to the effect that at the time of the collision he was, to use his words, "pretty well lit"; that his recollection was foggy; and that he couldn't remember any of the details of the accident.

Defendant's counsel testified that he informed defendant when the case would be called for trial, and told him that his presence would be required. Defendant admits that he was advised of the trial date, but denies he was told he had to be present. At the time of the trial defendant was in Kansas City seeking work. He did not return to Nebraska until after the trial. Defendant's counsel was instructed by garnishee's representative, who was present at the time the case was called for trial, to withdraw from the case. He made a motion for a continuance, and when this was overruled requested permission of the court to withdraw. This was refused. The case proceeded to trial in the absence of defendant, and resulted in a judgment against defendant in the sum of $14,500.

Subsequent to the judgment, plaintiff filed the present garnishment action in aid of execution. Garnishee filed a special appearance contesting the right of plaintiff to issue a garnishment summons in Richardson County, to be served in Lancaster County on the Director of Insurance rather than on the president or other officer of garnishee, contrary to section 25-1011, R. R. S. 1943. This special appearance was overruled. The action then proceeded to trial on the garnishment answer, alleging essentially that the defendant's failure to cooperate as required by the insurance policy relieved garnishee of any liability herein. The trial court after hearing

decreed that plaintiff recover judgment against garnishee in the sum of $10,000 and costs. Garnishee perfected an appeal to this court.

Although garnishee sets out 20 assignments of error, there are only two main issues herein: Whether the special appearance should have been sustained, and whether garnishee was prejudiced by the failure of defendant to appear at the trial.

Garnishee argues that section 25-1056, R. R. S. 1943, provides that service of a garnishment summons shall be in all respects as provided in section 25-1011, R. R. S. 1943, which section provides that copies of the garnishment summons and interrogatories shall be served on a corporation by leaving them with the president or other officer of the corporation or with its managing agent. Garnishee argues that this is the only manner of service provided, and is controlling herein.

Service herein was had under the provisions of sections 44-135 and 44-137, R. R. S. 1943. Section 44-135, R. R. S. 1943, requires the appointment of the Director of Insurance as the lawful attorney for service by every foreign insurance company doing business in Nebraska. Section 44-137, R. R. S. 1943, provides the manner of such service. In Hinds State Bank v. Loffler, 113 Neb. 110, 202 N. W. 465, we held that garnishment being a statutory remedy, a litigant seeking such relief must find his authority in the statute, and that after judgment a summons from one county to another in aid of execution is unauthorized.

The question presented is, must a Nebraska judgment creditor who seeks garnishment against a foreign insurance company which insured the liability of the Nebraska judgment debtor transcribe that judgment to the county and state in which the foreign carrier has its principal office, and obtain service upon the president or other officer or managing agent of the foreign insurance company, notwithstanding the foreign insurer's compliance with section 44-135, R. R. S. 1943.

Garnishee, in order to do business in Nebraska, has complied with the provisions of section 44-135, R. R. S. 1943. It now seeks to nullify the effect of this compliance by insisting on a strict interpretation of the provisions of section 25-1056, R. R. S. 1943, the garnishment in aid of execution statute, as interpreted in Hinds State Bank v. Loffler, *supra*. It certainly was not the intention of the Legislature to make section 44-135, R. R. S. 1943, a condition precedent to the right of a foreign insurance company to do business in Nebraska, and still permit it to avoid the effect of the intent of that statute. We determine that compliance with section 44-135, R. R. S. 1943, constitutes a voluntary acceptance of the provisions of that section, and that service of a garnishment summons and interrogatories from any county in the state may properly be had under the provisions of sections 44-135 and 44-137, R. R. S. 1943. See Baker Steel & Machinery Co. v. Ferguson, 137 Neb. 578, 290 N. W. 449, 131 A. L. R. 798. The special appearance was properly overruled.

Garnishee argues that the failure of an insured to attend trial as requested by the insurer is per se prejudicial, and cites cases from five jurisdictions which so hold. An annotation in 60 A. L. R. 2d at page 1149 suggests this is the minority rule. The majority view is that the cooperation clause of a policy is not breached by the insured's nonattendance where his testimony would not have been of material aid, or where the insurer was not prejudiced by his absence. The question is no longer an open one in this jurisdiction. In the previous appearance of this case in this court, MFA Mutual Ins. Co. v. Sailors, 180 Neb. 201, 141 N. W. 2d 846, we held: "An insurer cannot assert a breach of the cooperation clause as a policy defense in the absence of a showing of prejudice or detriment to the insurer." See, also, Iowa Mut. Ins. Co. v. Meckna, 180 Neb. 516, 144 N. W. 2d 73. Regardless of the nature of the breach,

there must be a showing of detriment or prejudice to the insurer.

The trial court found that defendant orally informed his counsel that he would be present at the time and place of trial; that he did not keep counsel informed of his whereabouts; and that he did not appear at the trial. The ultimate question then is whether, under the facts of this case, the failure of the defendant to be present at the trial was prejudicial to the garnishee.

The record amply demonstrates that garnishee was well aware that defendant was difficult to locate for interviews and was unreliable in many respects, particularly in keeping appointments or making appearances. Defendant, during a part of the intervening time, was absent from the State of Nebraska, which fact was known to the garnishee. Garnishee secured defendant's attendance at the garnishment hearing by the issuance of a subpoena.

There is little doubt that at the time of the accident defendant was under the influence of intoxicants. Garnishee, shortly after the accident, took an extensive statement from the defendant which became a matter of record in the previous case. His statement to counsel shortly before the trial was so much at variance with the previous statement that it was readily apparent his credibility as a witness was subject to serious question. The trial court in its judgment entry specifically found: "Defendant Sailors testified at the garnishment proceeding in response to a subpoena. His appearance and demeanor as a witness were unimpressive. His ability to recall facts and circumstances at the time of the accident was limited, vague and inconsistent with other statements made by him. Defendant had been convicted of a felony."

Garnishee had the burden of proving prejudice. On the facts adduced, we cannot say that garnishee met that burden. As the observation of the trial court set out above would indicate, there is a very serious ques-

tion whether the testimony of the defendant would not have been extremely detrimental to the garnishee's case. The question presented herein is one of fact. In determining the weight of the testimony, we must consider the fact that the trial court observed the witnesses, their demeanor of testifying, and accepted one version of the facts rather than the other.

For the reasons given, we determine that the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.