LA TONYA WRIGHT, APPELLANT, V. FARMERS MUTUAL
OF NEBRASKA, A CORPORATION, AND
STATE FARM GENERAL INSURANCE COMPANY,
A CORPORATION, APPELLEES.
669 N.W.2d 462

Filed October 3, 2003.   No. S-02-585.

Glenn Alan Shapiro and Patrick T. Riskowski, of Gallup & Schaefer, for appellant.

Thomas A. Grennan and Donald P. Dworak, of Gross & Welch, P.C., for appellee Farmers Mutual of Nebraska.

Richard C. Gordon and Betty L. Egan, of Walentine, O'Toole, McQuillan & Gordon, for appellee State Farm General Insurance Company.

Hendry, C.J., Wright, Connolly, Gerrard, McCormack, and Miller-Lerman, JJ.

Connolly, J.

Appellant, La Tonya Wright, sued appellees Farmers Mutual of Nebraska (Farmers Mutual) and State Farm General Insurance Company (State Farm) after they denied her claims following a fire. The district court sustained the insurance companies' motions for summary judgment because Wright concealed information on her insurance applications about a previous fire and failed to answer questions when interviewed under oath. We conclude that there are no issues of material fact concerning Wright's failure to answer questions during examinations under oath and that thus, she materially breached the insurance contracts. We affirm.

## BACKGROUND

This appeal concerns a July 28, 1999, arson fire that occurred at Wright's property in Omaha, Nebraska. Wright had purchased insurance policies from both Farmers Mutual and State Farm to cover the property.

Wright applied for the State Farm policy in July 1998 and the Farmers Mutual policy on July 16, 1999. The agent who sold Wright the Farmers Mutual policy averred in his affidavit that he read the questions on the application to Wright and wrote down her answers. According to the agent, when asked to list all losses that occurred in the 5 years before the application, Wright replied that there were none. Likewise, the State Farm agent averred in her affidavit that Wright stated there were no previous losses. Wright averred, in her affidavit, that she was not asked about previous losses by either agent and that she did not review the applications. Wright admits, however, that she signed the applications.

Wright also had previously insured the property with State Farm and did not disclose this information to Farmers Mutual. Two days before she applied for the Farmers Mutual coverage, she requested an increase in the limits of her State Farm policy.

After the arson fire, Wright submitted claims to both insurance companies. When Farmers Mutual investigated the claim, it discovered that Wright had previously sustained a fire loss of an incendiary nature at a different property in May 1998. Underwriters at Farmers Mutual and State Farm averred in their affidavits that they would not have issued the policies if Wright had disclosed the earlier loss.

The Farmers Mutual policy provides in part:

> This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

It also provides:

> The insured, as often as may be reasonably required, shall . . . submit to examinations under oath by any person named by this Company, and . . . produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof . . . at such reasonable time and place as may be designated by this Company . . . .
>
> . . . .
>
> . . . No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

The State Farm policy provides in part: "This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." It also provides:

> In case of a loss to which this insurance may apply, you shall see that the following duties are performed:
>
> . . . .

    d. as often as we reasonably require:

    (1) exhibit the damaged property;

    (2) provide us with records and documents we request and permit us to make copies; and

    (3) submit to examinations under oath and subscribe the same[.]

The policy further provides: "No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage." The applications for both policies provide that by signing, the insured is stating that the information is correct. The policies also require the insured to submit to examinations under oath and to produce documents for examination when a loss occurs.

Farmers Mutual conducted an examination of Wright under oath. Wright was informed that she had a right to be represented by counsel at the examination. Wright refused to answer questions about (1) her annual salary, (2) the number of properties she owned, (3) other companies she was insured with and whether she had multiple insurance policies on any of the properties she owned, (4) her indebtedness and if she ever declared bankruptcy, (5) the value of items of property, (6) whether there was a mortgage or security instrument connected with any of her properties, (7) whether she owned property outside the city of Omaha, (8) whether she had documents about insurance claims made in the 10 years before the examination, (9) whether she would produce tax documents, and (10) the status of her claim with State Farm. Wright initially refused to produce documents. She later submitted an affidavit stating that she was in the process of obtaining her tax returns, but did not submit them as of the date of the summary judgment hearing. She also failed to answer similar questions when examined under oath by State Farm and failed to submit documents to State Farm.

Wright averred in her affidavit that she was not represented by counsel at the examinations and believed the questions were personal and irrelevant. She stated that she "materially complied" with answering the questions. The record contains averments that Wright's refusal to answer questions and provide documents hindered the investigation of the claims and prejudiced Farmers

Mutual and State Farm. Wright did not present evidence to dispute the claims of prejudice.

Farmers Mutual and State Farm denied Wright's claims, and she sued. Farmers Mutual and State Farm answered that Wright had breached their policies under sections pertaining to concealment and compliance with examination under oath. Both moved for summary judgment. The district court concluded that although Wright denied being asked questions about the previous loss, she admitted that she signed the applications. Thus, the court determined that there was no issue of material fact about breach of the policies by concealment. The court further found that Wright materially breached the insurance contracts when she refused to answer questions under oath. Thus, the court granted the motions for summary judgment. Wright appeals.

## ASSIGNMENT OF ERROR
Wright assigns that the district court erred by granting the insurance companies' motions for summary judgment.

## STANDARD OF REVIEW
■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Farmland Serv. Co-op v. Southern Hills Ranch, ante* p. 382, 665 N.W.2d 641 (2003).

## ANALYSIS
Wright argues that the district court erred by granting summary judgment, because there was an issue of material fact whether she intentionally misrepresented or concealed information about her previous claim. She also contends that summary judgment is inappropriate when an insured answers some questions under oath, but refuses to answer others. Farmers Mutual and State Farm argue that submission to an examination under oath is a condition of the contract and that the failure of an insured to answer questions is a material breach of the contract, justifying denial of her claim.

■ The effect of an insured's refusal to answer questions in an examination under oath is an issue of first impression in

Nebraska. We have held, however, that an insurer may assert a breach of a cooperation clause as a defense when the insurer was prejudiced by the lack of cooperation. See *MFA Mutual Ins. Co. v. Sailors*, 180 Neb. 201, 141 N.W.2d 846 (1966). A majority of other jurisdictions have held that submission to an examination under oath is a condition precedent to recovery under an insurance contract and that an unexcused failure to submit to an examination constitutes a material breach of the contract. See, e.g., *Warrilow v. Superior Court of State of Ariz.*, 142 Ariz. 250, 689 P.2d 193 (Ariz. App. 1984); *Halcome v. Cincinnati Ins. Co.*, 254 Ga. 742, 334 S.E.2d 155 (1985); *Standard Mut. Ins. Co. v. Boyd*, 452 N.E.2d 1074 (Ind. App. 1983); *Watson v. National Sur. Corp.*, 468 N.W.2d 448 (Iowa 1991); *Lorenzo-Martinez v. Safety Ins. Co.*, 58 Mass. App. 359, 790 N.E.2d 692 (2003); *Allison v. State Farm Fire & Cas. Co.*, 543 So. 2d 661 (Miss. 1989).

Further, courts have held that partial compliance with the cooperation clause will not excuse a partial breach of the clause. See *Halcome v. Cincinnati Ins. Co., supra.* In *Halcome*, there was evidence inferring that a fraudulent claim had been filed. The insureds submitted to an examination under oath, but then refused to answer questions about their finances, debts, and criminal history. The Georgia Supreme Court held that the failure to provide any material information was a breach of the insurance contract. Because there was evidence of fraud, the court determined that the withheld information was material and that the contract had been breached.

■ We agree with the majority of jurisdictions that have addressed the issue. Thus, we hold that the failure to provide material information under a clause requiring the insured to submit to an examination under oath is a material breach of the contract. The breach may be raised by the insurer as a defense when the insurer shows prejudice.

Here, Wright refused to answer a number of questions about items such as her finances, debts, other properties, and other insurance. Wright, however, contends that the information was not relevant. We disagree; the evidence suggested fraudulent activity. Thus, the questions asked by the insurance companies were material to their investigation.

Wright next argues that after consulting with an attorney, she offered to comply with the cooperation clause. We note that in several instances, courts have held that a later promise to comply was too late and could not cure the breach. See, *Monticello Ins. Co. v. Mooney*, 733 So. 2d 802 (Miss. 1999); *Watson v. National Sur. Corp., supra.* Here, Wright's affidavit includes only an offer to provide tax documents. It does not offer to provide other omitted information. Further, as of the time of the summary judgment hearing, Wright had not provided any documents. We determine that under these circumstances, Wright's partial offer to comply did not cure the breach. We further determine that the insurance companies provided evidence that the breach prejudiced their investigation of the claims; Wright has not presented evidence to dispute the claims of prejudice.

Because Wright materially breached the insurance contracts by failing to answer material questions to the prejudice of the insurance companies, the district court correctly granted the insurance companies' motions for summary judgment. Accordingly, we affirm, and we need not address whether there is an issue of material fact that Wright intentionally misrepresented or concealed information when she obtained her policies.

AFFIRMED.

STEPHAN, J., not participating.