**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY DEGUCHI; ERMANNO SCALAS, | No. 08-17296 |
| Plaintiffs - Appellants, | D.C. No. 1:07-cv-00144-JMS-LEK |
| v. | |
| ALLSTATE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 12, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Plaintiffs Mary Deguchi and Ermanno Scalas (collectively "Plaintiffs") appeal

the adverse summary judgment grant in their action against Allstate Insurance

Company ("Allstate"), arising out of the loss of their boat, the Princess Natasha,

which sank under suspicious circumstances while en route from Hilo to Honolulu a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

few months after its purchase. Although Plaintiffs agreed to submit to an examination under oath ("EUO") as required by their policy, each refused to provide information regarding their finances at the time of the loss. Plaintiffs sued Allstate, alleging breach of contract and bad faith. The district court awarded summary judgment to Allstate on all claims, and we affirm.

Even assuming the insurer must have some reasonable suspicion of fraud before seeking financial information from its insureds in an EUO, there was ample information in this case to raise suspicions and justify such an inquiry. Thus, the Plaintiffs' failure to answer reasonable questions regarding their financial situation constituted a material breach of their obligations under the insurance contract, and summary judgment was properly awarded to Allstate. *See Barabin v. AIG*, 921 P.2d 732, 738 (Haw. 1996); *Halcome v. Cincinnati Ins. Co.*, 334 S.E.2d 155, 157 (Ga. 1985); *Wright v. Farmers Mut.*, 669 N.W.2d 462, 466-67 (Neb. 2003).

Alternatively, Plaintiffs argue the district court abused its discretion by not conditionally denying summary judgment and providing Plaintiffs an additional opportunity to appear at an EUO and answer the questions they had previously refused to answer. But courts have not been willing to enter such conditional judgments if there is a pattern of noncompliance without a reasonable justification or if the insurance company has been prejudiced by the passage of time. *See Williams v.*

2

*American Home Assur. Co.*, 97 A.D.2d 707, 709 (N.Y. App. Div. 1983) ("Particularly in a case with such unusual circumstances, the insurance companies are entitled to obtain, promptly and while the information is still fresh relevant information to enable them to decide upon their obligations and protect against false claims. To give them the information now, three and one-half years after the claimed loss, would be a material dilution of their rights.") (internal quotation marks and citation omitted). Here, several years have passed since the loss, and the district court found Plaintiffs had prejudiced Allstate from completing its investigation. Given the circumstances of the loss, the Plaintiffs' pattern of refusal to cooperate regarding their finances, and Scalas's refusal to answer even basic background questions about the boat purchase, there was no abuse of discretion in denying Plaintiffs a second bite at the apple.

**AFFIRMED**.